UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD AND SHANNON CASSARA | CIVIL ACTION |
| VERSUS | NO: 07-6605 |
| NATIONAL FLOOD INSURANCE PROGRAM | SECTION: "C" (1) |

### ORDER AND REASONS

Before the Court is defendant government's Motion to Dismiss or Alternatively for Summary Judgment (Rec. Doc. 26.) Defendant claims that plaintiffs have failed to comply with the conditions precedent to suit in their policy by failing to submit a timely and complete sworn proof of loss. Plaintiffs oppose. (Rec. Doc. 29.) Based on the memoranda by parties, the record in this case, and the applicable law, the Court DENIES defendant's motion for the following reasons.

### I. LAW

Defendants seek a dismissal of the instant action pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint. *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996). "[N]o presumptive truthfulness attaches to the plaintiff's allegations [under a 12(b)(1) challenge], and the court can decide disputed

issues of material fact in order to determine whether or not it has jurisdiction to hear the case." *Montez v. Department of Navy,* 392 F.3d 147, 149 (5th Cir. 2004.)

"However, where issues of fact are central both to subject matter jurisdiction and the claim on the merits, the trial court must assume jurisdiction and proceed to the merits of plaintiff's case under either Rule 12(b)(6) or Rule 56." *Id*; *see also Irwin v. U.S.*, 2007 WL 2727253, 2 -3 (N.D.Miss. 2007). In this case, defendant alleges plaintiffs have not complied with the conditions precedent to filing suit by failing to timely submit a sufficiently particularized proof of loss.

Nor is it proper to decide this motion under a Rule 12(b)(6) standard. In deciding a motion for failure to state a claim under 12(b)(6), "if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." *In Re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007.) In this case, the defendant produced an unsigned declaration by Scott Holmes , Claims Manager for the National Flood Insurance Program Direct Servicing Agent. (Rec. Doc. 26-5.) Holmes' declaration states that "FEMA did not receive a compliant proof of loss from Plaintiffs within one year of the August 29, 2005 date of loss." (Id.) Defendant seeks to prove plaintiffs failed to comply with the policy provisions; thus, the Court must analyze the motion as one for summary judgment.

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also, Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all

inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The defendant argues that the plaintiff's failure to file a proof of loss within the one year SFIP deadline with the FEMA waiver[1] requires dismissal under Art. VII(J)(4) and VII(R) of the SFIP. Under 44 C.F.R. § 61, app. (A)(2), art. VII(J)(4), an insured must file a sworn proof of loss as condition precedent to filing suit on an SFIP. *See also* C.F.R. § 61 app. (A)(1) art. VII(R) (requiring prior compliance with all policy requirements before filing suit in court). This proof of loss must be filed within 60 days of loss due to flooding, subject to any extensions approved by the Federal Emergency Management Agency ("FEMA"). See 44 C.F.R. §§ 61.13(a), (d), & (e); *Forman v. Fed. Emer. Mgt. Agency*, 138 F.3d 543, 545 (5th Cir.1998). This requirement is a "strict" one; substantial compliance is not sufficient. *Marseilles Homeowners Condo. Ass'n., Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1055-56 (5th Cir .2008) (*quoting Richardson v. American Bankers Ins. Co.*, No. 07-30271, 279 Fed. Appx. 295, 2008 WL 510518, at 299 (5th Cir.)). Rather, the sworn proof of loss requirement "must be strictly construed and enforced." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir.1998)). Nor do principles of constructive waiver or equitable estoppel excuse this obligation. *Marseilles*, 542 F.3d at 1056 (*citing Richardson*, 279 Fed. Appx. at 299). To the contrary,

---

[1] On August 31, 2005, David Maurstad, Acting Federal Insurance Administrator, waiving the requirement that the insured file a proof of loss prior to receiving insurance proceeds, and allowing as follows:
> In the event a policyholders disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. The proof of loss must meet the requirements of VII.J.4 of the SFIP Dwelling or General Property Form or VIII.J.4 of the SFIP Residential Condominium Building Association Policy Form. The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policy holder may file a lawsuit against the insurer within one year of the date of written denial of all or part of the claim as provided in VII.R of the SFIP Dwelling or General Property Form or VIII.R of the SFIP Residential Condominium Building Association Policy Form.

(Rec, Doc. 26-6). *See Eichaker v. Fidelity National Property & Casualty Insurance Co.*, 2008 WL 2308959 (E.D.La.).

the proof of loss requirement is waived only with "the express written consent of the Federal Insurance Administrator." *Id*. (*citing* 44 C.F.R. § 61, app. A(2), art. VII(D)).

## II.    ANALYSIS

Based on the evidence presented by plaintiffs, the Court finds that whether or not the proof of loss was timely submitted is a genuine issue of material fact. Plaintiffs provided a copy of a sworn proof of loss, dated August 28, 2006 and executed by plaintiffs, that has two indicators of being timely filed: 1) a "Received Aug. 29, 2006" stamp and 2) a fax header indicating the letter was faxed on August 29, 2009. (Rec. Doc. 29-3, 29-4.) If true, then the sworn proof of loss would have been timely filed since it would have been a year from the date of loss. Defendant claims to have received plaintiffs' sworn proof of loss only after suit was filed and does not "concede that this Proof of Loss was sent by the Plaintiffs or received by FEMA." (Rec. Doc. 26-4 at 11.) This is a pure factual dispute and is more appropriately resolved at trial.

Second, defendant claims that the sworn proof of loss was not complete. Article VII(J)(3) of the SFIP requires the policyholder to" [p]repare an inventory of damaged property, showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts, and related documents" in conjunction with the proof of loss. Article VII(J)(4) requires the proof of loss which provides certain specified information, including "specifications of damaged building and detailed repair estimates." The Fifth Circuit recently noted, "[a] clear line has not been drawn in this Circuit between what is and what is not sufficient detail for the repair estimate. We do not draw one today." *Monistere v. State Farm Fire and Cas. Co.*, 559 F.3d 390, 395 (5th Cir. 2009.) Instead, the Fifth Circuit compared the repair estimate at issue with repair estimates previously found inadequate in

4

*Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386-89 (5th Cir.2005)(holding plaintiff's notation of "to be determined" for all estimates and costs constituted an incomplete proof of loss) and *Forman v. Federal Emergency Management Agency*, 138 F.3d 543, 545 ( 5th Cir. 1998)(holding that failure to cite specific damage figures of their own meant FEMA did not have reliable information to process the claim.) In this case, the sworn proof of loss includes specific numerical values for the losses sustained by plaintiff. (Rec. Doc. 29-4.) The repair estimate by Elite Homes by Wirth provided notice to FEMA that plaintiffs believed the insurance adjuster relied on an inappropriate cost of repair per square foot. Plaintiffs' submission in this case is more detailed than the submissions in both *Wright* and *Forman*. Defendant has failed to demonstrate the absence of a genuine issue of material fact as to whether or not the proof of loss submitted by plaintiffs was complete.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that defendant's Motion to Dismiss or Alternatively for Summary Judgment (Rec. Doc. 26) is DENIED.

New Orleans, Louisiana, this 18th day of May, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

5